# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-30130
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 26, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MICHAEL WAYNE DAVIS, JR.,

Defendant-Appellant

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:13-CR-26-1

ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before DAVIS, CLEMENT, and COSTA, Circuit Judges.

PER CURIAM:[*]

In his direct appeal to this Court last year, the defendant argued that the residual clause of the Armed Career Criminal Act was unconstitutionally vague and thus void. The defendant acknowledged that this argument was forcelosed by existing circuit precedent. *See United States v. Gore*, 636 F.3d

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-30130

728, 742 (5th Cir. 2011). We thus rejected his argument and affirmed the judgment.

The defendant then filed a petition for certiorari, which the Supreme Court granted after its decision in *Johnson v. United States*, 135 S. Ct. 2551 (June 26, 2015). The Supreme Court vacated our previous ruling and remanded for consideration in light of *Johnson*, which concluded that the residual clause is vague and thus void.

The Armed Career Criminal Act was applied to the defendant based on a finding that a prior conviction qualified under the residual clause. That resulted in application of a fifteen-year mandatory minimum sentence. Absent application of the Armed Career Criminal Act, the defendant faced a statutory maximum of ten years. In this direct appeal, we therefore VACATE the judgment of the district court and REMAND for resentencing in light of *Johnson*.